UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CARLITA BLANCO,

                  Plaintiff,

               -against-                              25-CV-6357 (LLS)

AMAZING GREAT BEAUTY OF SCIENCE;       ORDER OF DISMISSAL
INTERNAL REVENUE (IRS); THE NATIONAL
SCIENCE FOUNDATION,

                  Defendants.

---

LOUIS L. STANTON, United States District Judge:

      Plaintiff, who is appearing *pro se*, brings this action invoking the Court's federal question and diversity jurisdiction. By order dated August 10, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses the complaint.

## STANDARD OF REVIEW

      The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

      While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

The following facts are drawn from the complaint.[1] Plaintiff alleges that her claims arose in "The House Scorpio and Taurus" during the year 2019. (ECF 1 at 5.) She alleges that the IRS is aware of wages owed to her, though the complaint does not specify from whom. Plaintiff contends that the IRS has been "prolonging" her tax returns for many years and is using its powers to financially abuse her.

Plaintiff brings claims for "Financial abuse, Interagency interferences intellectual abuse, gender abuse, sex, privacy orientation, parental abuse, mental abuse administrative interferences, obstruction of Justice, environmental abuse, case tampering." (*Id.* at 6.)

She seeks "GS 15 step 10 wages" for five years, plus damages and pain and suffering. Plaintiff sues "Amazing Great Beauty of Science," the Internal Revenue Service (IRS), and the National Science Foundation.[2]

Plaintiff has filed numerous cases in this court, many of which she has repeatedly brought against the same defendants. *See Amazing Great Beauty of Strategic Services et al v. Brady*, No. 25-CV-6356 (LTS) (S.D.N.Y.) (complaint seeking damages for "spiritual trespass" and other injuries); *Blanco v. Blige*, No. 25-CV-05437 (LTS) (S.D.N.Y.) (complaint asserting claims

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

[2] Plaintiff also lists "prompt payment" and her own name in the list of defendants.

against rap artist for, among other things, "LOL (slavery)"); *Blanco v. The National Science Foundation*, No. 25-CV-05436 (LTS) (S.D.N.Y.) (complaint against The National Science Foundation, HUD, and others pending); *Blanco v. Pels*, No. 25-CV-05435 (LTS) (S.D.N.Y.) (complaint naming Judge Valerie Pels, the Administration for Children's Services, "Leticia" James, and others pending); *Blanco et al v. Chime/Cash App*, No. 25-CV-06361 (LTS) (S.D.N.Y.) (pending complaint naming Amazing Great Beauty of Strategic Services and others, bringing claims for "group abuse"); *Blanco v. Pels*, No. 25-CV-02231 (LTS) (complaint suing Judge Valerie Pels, HHS, and NYC.gov); *Blanco v. HUD*, No. 25-CV-2229 (LLS) (S.D.N.Y.) (complaint suing Judge Valerie Pels, HUD, and Comptroller Lander); *Blanco v. Federal Government (HHS)*, No. 24-CV-8202 (S.D.N.Y. Dec. 3, 2024) (complaint against Judge Valerie Pels, the National Science Foundation, Federal Government, and NYC.gov dismissed for failure to pay filing fee or submit IFP application).

## DISCUSSION

### A.      Frivolous claims

Under the IFP statute, a court must dismiss an action if it determines that the action is frivolous or malicious. 28 U.S.C. §1915(e)(2)(B). A complaint is "'factually frivolous' if the sufficiently well-pleaded facts are 'clearly baseless' − that is, if they are 'fanciful,' 'fantastic,' or 'delusional.'" *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (quoting *Denton*, 504 U.S. at 32-33); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted)). Moreover, a court has "no obligation to entertain pure speculation and conjecture." *Gallop*, 642 F.3d at 368.

Plaintiff's allegation that her claims arose in "The House Scorpio and Taurus" is fanciful. Plaintiff's claims against the IRS for "intellectual abuse, gender abuse, sex, privacy orientation,

3

Case 1:25-cv-06357-LLS    Document 5    Filed 09/08/25    Page 4 of 5

parental abuse, mental abuse administrative interferences, obstruction of Justice, [and] environmental abuse" are unsupported by any facts and are indisputably meritless, as there is no legal theory on which she can rely. In addition, among many other issues, Plaintiff has not addressed the sovereign immunity of the IRS, a federal agency. See *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action against a federal agency . . . is essentially a suit against the United States, such suits are . . . barred under the doctrine of sovereign immunity, unless such immunity is waived.").

The Court finds that Plaintiff does not provide any plausible factual support for her claims and that they rise to the level of the irrational. See *Livingston*, 141 F.3d at 437. The complaint does not mention any claim against the National Science Foundation. Plaintiff's complaint is therefore dismissed. 28 U.S.C. § 1915(e)(2)(B)(i).

**B.    Leave to amend denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. See *Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Plaintiff's complaint does not suggest that she is in possession of facts that would cure the identified deficiencies. See *Gallop*, 642 F.3d at 369 (district court did not err in dismissing claim with prejudice in absence of any indication plaintiff could or would provide additional allegations leading to different result). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous. See 28 U.S.C. § 1915(e)(2)(B)(i).

**C.    Warning**

Plaintiff has repeatedly filed suit against the same defendants. For example, she has brought four cases naming Family Court Judge Valerie Pels as a defendant, *see Blanco*, No. 25-

CV-5435; *Blanco*, No. 25-CV-2231; *Blanco*, No. 25-CV-2229; *Blanco*, No. 24-CV-8202. The Court cautions Plaintiff that further frivolous or vexatious litigation in this court may result in an order barring Plaintiff from filing new actions *in forma pauperis* unless she receives prior permission from the court to file a new action. *See* 28 U.S.C. § 1651.

## CONCLUSION

The Court dismisses this action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i). The Court directs the Clerk of Court to enter judgment dismissing this action.

SO ORDERED.

Dated: September 8, 2025
       New York, New York

                                                         *Louis L. Stanton*
                                                           Louis L. Stanton
                                                              U.S.D.J.